IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF UTAH
_____

DAN HENRY TIJERINA SR.,        )  **ORDER TO AMEND DEFICIENT**
                               )  **SECOND AMENDED COMPLAINT**
         Plaintiff,            )  **& MEMORANDUM DECISION**
                               )
    v.                         )  Case No. 2:08-CV-968 TS
                               )
TOM PATTERSON et al.,          )  District Judge Ted Stewart
                               )
         Defendants.           )
_____

Plaintiff, inmate Dan Henry Tijerina Sr., filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2011), *in forma pauperis*, *see* 28 id. § 1915. After the Court's initial screening revealed Plaintiff's Amended Complaint was deficient, *see id.* § 1915A, Plaintiff responded, to an order to cure those deficiencies, with a second amended complaint. The Court now screens that second amended complaint, which is quite similar to the original and amended complaints, and orders Plaintiff to file a third amended complaint to cure continuing deficiencies before further pursuing his claims.

### Deficiencies in Complaint

(a) Claims appear to be based on conditions of current confinement; however, the complaint was not submitted through contract attorneys.

(b) Tom Patterson appears to be named as a defendant on a respondeat superior theory.

(c) In the complaint's text, other prison personnel are accused of violating Plaintiff's civil rights, although they are not named as defendants. Plaintiff must clarify whether they are indeed defendants.

(d)  Plaintiff's conspiracy allegations are too vague.

### Third Set of Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

Second, the complaint must clearly state what each defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v.*

*Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fourth, if Plaintiff's claims regard his current conditions of confinement, he should get help from prison contract attorneys to prepare initial pleadings. And, Plaintiff is also warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying court filing fees.

The Court notes that Plaintiff's claims appear to involve legal access. As Plaintiff fashions his third amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828 (footnote omitted). However, to successfully assert a constitutional claim for denial of

4

access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

Finally, as to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this responsibility in his current amended complaint; his vague assertions that multiple people were involved in denying him copies, and, therefore, a conspiracy must be involved, are not enough. He must assert more detail to pursue this claim further.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) this is Plaintiff's final opportunity to submit a complaint in this matter compliant with the Court's several orders regarding the deficiencies of his original and amended complaints.

DATED this 28th day of April, 2011.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court